UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK JONES,                                                  No. 10-11604

        Plaintiff,                                    District Judge George Caram Steeh
v.                                                                    Magistrate Judge R. Steven Whalen

PATRICIA CARUSO, ET AL.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendants Linda Buckhoz's, Thomas Parling's and Jason Thomas' Motion for Summary Judgment [Doc. #41], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Motion be DENIED.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Mark Jones, a prison inmate in the custody of the Michigan Department of Corrections, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 on April 21, 2010 [Doc. #1]. He filed an "amended complaint" on the same date [Doc. #2], in which he sought to clarify parts of the first complaint.

On June 14, 2010, the Honorable George Caram Steeh entered an order dismissing certain claims and certain Defendants [Doc. #8]. Judge Steeh described the claims as follows:

> "Plaintiff has been convicted of one count of assault with intent to commit murder and two counts of felony firearm. He contends that his assault conviction was vacated in 1993 and that he sentence for the two felony firearm convictions expired in 1995. The complaint, amended complaint, and memorandum of law allege that the defendants have violated Plaintiff's right to due process by conspiring to falsify information about Plaintiff's conviction and sentence. According to Plaintiff, there is a discrepancy between records maintained by the Michigan Department of Corrections and his actual sentence. he maintains that he has been incarcerated longer than is allowed under his sentence and, as a result of being unlawfully held in prison, he has been subjected to torture, abuse, sleep deprivation, starvation, and a hostile environment."

Judge Steeh ruled that since the Plaintiff was challenging "the fact or duration of confinement by alleging that one of his convictions has been vacated and one of his sentences has expired," the claims relating to those allegations were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Therefore,

Defendants Caruso, Rapelje, Damon, Atterberry, Hardman and Lanschwager were summarily dismissed. As to the remaining Defendants, Judge Steeh stated:

> "Plaintiff alleges that defendants Buckholz, Parson, and Thomas fabricated misconduct reports and security classification documents in order to increase his custody level. This was done, according to Plaintiff, in retaliation for his attempt to seek a pardon or commutation of sentence from the Michigan Parole Board. These allegations state an arguable claim for relief."

On September 20, 2010, the remaining Defendants filed a motion for summary judgment [Doc. #34], raising three arguments: (1) Plaintiff did not exhaust his administrative remedies; (2) the Court should decline to exercise supplemental jurisdiction over a state-law conspiracy claim; and (3) the Defendants are entitled to qualified immunity. On November 2, 2010, Magistrate Judge Virginia M. Morgan, to whom the case was then assigned, ordered Defendants to file a supplemental brief on the exhaustion issue, and to include documentation regarding exhaustion.

On January 14, 2011, Magistrate Judge Morgan filed a Report and Recommendation to deny the motion for summary judgment. As to exhaustion, she noted that the Defendants failed to fail the supplemental brief and the exhaustion documentation, as ordered, and therefore recommended denial of summary judgment on that issue. She also recommended denial of summary judgment on the qualified immunity issue, because the Defendants failed to show the absence of a genuine issue of material fact. Finally, she recommended rejection of the Defendants' supplemental jurisdiction argument, because the Plaintiff in fact had a remaining federal claim.

On February 3, 2011, while Magistrate Judge Morgan's Report and Recommendation was pending, the Defendants filed the present summary judgment motion [Doc. #41], identical to the first, but containing exhaustion documentation. On February 7, 2011, Judge Steeh adopted the pending Report and Recommendation, and denied Defendants' motion for summary judgment [Doc. #42].

On February 8, 2008, this case was reassigned from Magistrate Judge Morgan to me, and on February 9, 2011, the present motion for summary judgment was referred to me.

## II.  DISCUSSION

The Defendants' motion for summary judgment should be denied, for three reasons.

First, under E.D. Mich. Local Rule 7.1(b)(2), "[a] party must obtain leave of court to file more than one motion for summary judgment." The comment to this Rule warns that "[a]ttempts to

-2-

circumvent the LR in any way may be considered an abusive practice which may result in the motion or response being stricken as well as sanctions being imposed under LR 11. 1." E.D. Mich. LR 7.1 cmt. The Defendants did not seek or obtain leave of the Court to file their second summary judgment motion. Nor did they file objections to Magistrate Judge Morgan's Report and Recommendation.

Secondly, the present motion raises the exact same issues that Judge Steeh ruled on in his February 7, 2011 Opinion and Order. Thus, this motion is barred under the doctrine of law of the case, which provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill,* 377 F.3d 565, 569–70 (6th Cir.2004) (quoting *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)). The doctrine precludes a court from reconsideration of issues "decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition." *Hanover Ins. Co. v. Am. Eng'g Co.,* 105 F.3d 306, 312 (6th Cir.1997) (quoting *Coal Res., Inc. v. Gulf & Western Indus., Inc.,* 865 F.2d 761, 766 (6th Cir.1989)). Moreover, because Defendants did not object to the Magistrate Judge Morgan's R&R, they have waived and further review. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Finally, with regard to the exhaustion issue, it bears repeating Judge Steeh's finding in his June 14, 2010 Order that the following federal claim survived:

> "Plaintiff alleges that defendants Buckholz, Parson, and Thomas fabricated misconduct reports and security classification documents in order to increase his custody level. This was done, according to Plaintiff, in retaliation for his attempt to seek a pardon or commutation of sentence from the Michigan Parole Board. These allegations state an arguable claim for relief."

A perusal of the grievance documentation submitted with the Defendants' motion shows that in fact, the Plaintiff fairly exhausted this issue. Thus, apart from the law of the case doctrine, Defendants' exhaustion argument fails on the merits.[1]

---

[1] The Defendants are correct that the Plaintiff did not exhaust any Eighth Amendment "conditions of confinement" issues, and to the extent those issues were raised in the complaint, they would be subject to dismissal under 42 U.S.C. § 1997e(a). However, Judge Steeh's orders of June 14, 2010 and February 7, 2011, as well as Magistrate Judge Morgan's R&R, which Judge Steeh adopted, make clear that the retaliation issue is the only remaining claim. Magistrate Judge Morgan's R&R, at p.10, notes, "Judge Steeh dismissed all of the claims in this § 1983 action with the exception of one and the remaining claim is based on federal law."

### III.   CONCLUSION

For these reasons, I recommend that Defendants' Motion for Summary Judgment [Doc. #41] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: August 12, 2011

___

### CERTIFICATE OF SERVICE

I hereby certify on August 12, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 12, 2011: **Mark Jones.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge R. Steven Whalen
(313) 234-5217