UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK JONES,

        Plaintiff,

v.

PATRICIA CARUSO, ET AL.,

        Defendants.
                                          /

Case No. 10-11604

District Judge George Caram Steeh

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Before the Court is Defendants Linda Buckholz, Thomas Parling, and Jason Thomas's February 9, 2012 *Motion to Dismiss for Lack of Venue and/or Transfer Venue* [Docket #69] which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be GRANTED in part, not dismissing the case, but transferring it to the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

**I. Procedural and Factual Background**

The procedural history of this case, set forth in a previous order, is restated here. Plaintiff Mark Jones, formerly a Michigan Department of Corrections ("MDOC") inmate housed at the Oaks Correctional Facility in Manistee, Michigan, filed his complaint on April 21, 2010 alleging constitutional violations of his due process rights. On June 14, 2010, the District Court *sua sponte* dismissed six Defendants based on failure to state a claim,

-1-

including MDOC Director Patricia Caruso, but permitted a retaliation claim against present Defendants Buckholz, Parson and Thomas to proceed [Doc. #8].

On September 20, 2010, the Defendants filed a motion for summary judgment [Doc. #27], raising three arguments: first, that Plaintiff had not exhausted his administrative remedies; second, that pendent state law claims should be dismissed; and third, that they were entitled to qualified immunity because the retaliation claim had no merit.

On November 2, 2010, Magistrate Judge Virginia M. Morgan ordered Defendants to submit supplemental documentation on the exhaustion issue [Doc. #33]. The Defendants did not submit this material, and on January 14, 2011, Magistrate Judge Morgan issued a Report and Recommendation ("R&R") [Doc. #39] denying summary judgment. Magistrate Judge Morgan found that (1) Plaintiff had raised a retaliation claim that previously survived dismissal, and (2) as to the Defendants' claim of qualified immunity, they had not shown the absence of a genuine issue of material fact as to whether the Plaintiff suffered retaliation. *Doc. #39*, 2, 9. On February 3, 2011, while this R&R was pending resolution by the District Court, the Defendants filed a second motion for summary judgment [Doc. #41], again arguing that they were entitled to qualified immunity because there was no genuine issue of material fact as to whether a constitutional violation occurred, including Plaintiff's retaliation claim. On February 7, 2011, the District Judge accepted and adopted Magistrate Judge Morgan's R&R, and denied Defendants' first motion for summary judgment, specifically noting the R&R's discussion of the retaliation claim [Doc. #42].

On February 8, 2011, this case was reassigned from Magistrate Judge Morgan to me.

Plaintiff informed the Court on May 10, 2011 that he had been transferred to the Carson City Correctional Facility in Carson City, Michigan. *Docket #49.* On June 13, 2011, Plaintiff informed the Court of another change of address, noting that he was now residing in Warren, Michigan. *Docket #53.* On August 12, 2011, I issued an R&R recommending that the Defendants' second summary judgment motion, filed on February 3, 2011, be denied. I found that the issues raised in this motion–including the qualified immunity/retaliation issue–had already been decided by the District Judge, and were therefore barred under the law of the case doctrine. *Docket #54* at 3.

On September 8, 2011, the District Court accepted and adopted my Report and Recommendation, denying Defendants' second motion for summary judgment. *Docket #60.* The District Court noted that "[a]fter the June 14, 2010 order of this court, only this retaliation-based § 1983 claim against the three individual defendants remains." *Id.* On October 11, 2011, Plaintiff informed the Court that he was now residing in Oak Park, Michigan. *Docket #62.* On August 24, 2011, Defendants once again requested leave to file a summary judgment [Docket #58], which I denied on February 2, 2012. *Docket #65.* Defendants filed the present motion on February 9, 2012.

## II. Applicable Law

Venue is proper in the judicial district where either defendants reside or where the claim arose. *Al– Muhaymin v. Jones,* 895 F.2d 1147, 1148 (6th Cir.1990); 28 U.S.C. § 1391(b). "On a motion to dismiss for improper venue" under Fed. R. Civ. P. 12(b)(3), "the

plaintiff bears the burden of proving that venue is proper." *Audi AG & Volkswagen of America, Inc. v. Izumi,* 204 F.Supp.2d 1014, 1017 (E.D.Mich.,2002). "The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Id.* If the challenge to venue is successful, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §§ 1404(a), 1406(a); *See also United States v. P.J. Dick, Inc.,* 79 F.Supp.2d 803, 805–06 (E.D.Mich.2000).

Venue of a lawsuit may also be transferred *sua sponte* for the convenience of parties or witnesses. *Sadighi v. Daghighfekr,* 36 F.Supp.2d 267, 278 (D.S.C.1999). The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F.Supp.2d 809, 811 (E.D.Mich.2000).

### III. Analysis

Defendants argue that venue is not proper in the Eastern District of Michigan, pointing out that the three remaining Defendants work and reside in the Western District of

Michigan.[1] *Defendants' Brief,* 2. They also note that the alleged acts giving rise to the claim occurred in the Western District and that Plaintiff resided in the Western District at the time he filed suit. Defendants contend that if the case is not dismissed, the Court should exercise its discretion to transfer to the case pursuant to 28 U.S.C. § 1404(a), arguing that the Western District is "more convenient and less expensive" for them; "witnesses and all documentary and other evidence are also located within the Western District;" and that all individuals who worked in Plaintiff's housing unit or took part in his misconduct hearings would also find the Western District more convenient. *Defendants' Brief* at 4.

Under 28 U.S.C. 1391(b) a non-diversity action is limited to "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

Plaintiff included Patricia Caruso, Director of MDOC, among the original Defendants. Although her office sits in the Western District of Michigan, venue in this District was proper under § 1391(b)(1) because "the duties of the MDOC Director run state-wide." *Lynch-Bey v. Caruso,* WL 5431390, *2 (E.D.Mich.2006)(reversed on other grounds)(citing *Bay County Democratic Party v. Land,* 340 F.Supp.2d 802, 806 (E.D.Mich.2004). As of Caruso's June 14, 2010 dismissal, none of the Defendants "reside" in the Eastern District for purposes of

---

[1] Defendant Buckholz, resides and works in Mackinaw County; Parling in Chippewa County, and Thomas, Manistee County. *Defendants' Brief* at 2.

§ 1391.

That fact that venue was proper at the commencement of the suit does not prevent the Court from transferring the case to the Western District. "Even when filed in a proper venue, 28 U.S.C. § 1404(a) provides that the Court, "for the convenience of parties and witnesses, in the interest of justice ... may transfer any civil action to any other district or division where it might have been brought." *Orton v. Johnny's Lunch Franchise LLC,* 2012 WL 2115841, *1 (E.D.Mich.2012). Defendants must make a threshold showing that "'(1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) transfer is in the convenience of the witnesses and parties.'" *Id.* (citing *Kepler v. ITT Sheraton Corp.,* 860 F.Supp. 393, 398 (E.D.Mich.1994)).

Plaintiff's original basis for venue in this district, based solely upon Caruso's inclusion among the original Defendants, was tenuous at best. It is beyond dispute that this action could have been brought in the Western District and the interests of justice are better served by transferring the case to the district where the underlying events occurred and all of the present Defendants reside. The convenience accorded witnesses and parties by the transfer also factors heavily into my recommendation to grant Defendants' motion to transfer the case. *Overland, Inc., supra,* 79 F.Supp.2d at 811. While the change of venue is not favorable to Plaintiff, who currently resides in the Eastern District of Michigan, most, if not all of the witnesses to the alleged constitutional violations work and live in the Western District. Likewise, because the events underlying the lawsuit all occurred in the Western District and evidentiary material is located in that District, transfer is appropriate on that

basis as well.

## IV.  Conclusion

For these reasons, I recommend that the motion be GRANTED in part, not dismissing the case but transferring it to the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response.  The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised,

each issue contained within the objections.

                                              s/ R. Steven Whalen
                                              R. STEVEN WHALEN
                                              UNITED STATES MAGISTRATE JUDGE

Date: August 9, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on August 9, 2012.

| | |
|---|---|
| Mark Jones<br>23411 Cloverlawn St<br>Oak Park, MI 48237-2409 | s/Johnetta M. Curry-Williams<br>Case Manager |